**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
|    ERIC PEREZ and | : | |
|    SHANNON PEREZ, | : | |
|                    Debtor(s) | : | BANKRUPTCY NO. 21-11790-pmm |
| | : | |
| **LENDMARK FINANCIAL** | : | Chapter 13 |
| **SERVICES, LLC** | : | |
|            Moving Party | : | |
| vs. | : | |
| | : | Hearing Date: September 9, 2021 |
| **ERIC PEREZ AND** | : | |
| **SHANNON PEREZ** | : | |
|            Respondent(s) | : | |

**OBJECTION OF LENDMARK FINANCIAL SERVICES, LLC TO**
**CONFIRMATION OF CHAPTER 13 PLAN**

**Lendmark Financial Services, LLC**, objects to confirmation of Debtor's Chapter 13 Plan and asserts in support of its Objection as follows:

1. Movant is **Lendmark Financial Services, LLC**.

2. Respondents are Eric Perez and Shannon Perez ("Debtor") who filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code.

3. On or about July 8, 2019, Debtors borrowed money from **Lendmark** (the "Loan").

4. The **Lendmark** Loan is secured by a 2000 Chevrolet S10 Pickup Truck (the "Vehicle").

5. Debtors are in default under the terms of the Loan by reason of their failure to make the interest and principal payments required under the loan documents.

6. On July 22, 2021, **Lendmark** filed a proof of claim indicating a debt of $7,453.14, of which $2,475.00 is secured and pre-petition arrears in the amount of $5,603.07.

7. Debtors' Plan does not provide for any payments to secured creditor, **Lendmark**, whether relating to the arrearages or total debt.

8. Debtors' Plan understates the amount of **Lendmark**'s claim in full, and does not provide sufficient funding to pay said claim including present value interest.

9. Accordingly, Debtors' Plan is NOT feasible, as it does not fully compensate **Lendmark**.

10. In addition, the Debtors' Plan fails to comply with 11 U.S.C. 1322 and 11 U.S.C. 1325.

11. Debtors may be delinquent in plan payments to the Chapter 13 Trustee.

12. The Plan is also objectionable because it does not propose to pay **Lendmark** any interest payments.

13. Further, the Debtors are required by 11.U.S.C. §1325(a)(1)(c) to commence making payments no later than 30 days after the date of filing in the amount that provides adequate protection directly to **Lendmark**. Debtors' Plan fails to provide for required adequate protection. **Lendmark** asserts that the amount of such payment must be sufficient to provide **Lendmark**'s claim adequate protection during the period of the Plan as required by 11 U.S.C. 1325(a)(5)(b)(iii)(II).

14. **Lendmark** asserts that the adequate protection payment should equal a minimum $226.03, the regular monthly payment amount.

WHEREFORE, the Moving Party, **Lendmark Financial Services, LLC**, prays that the Court deny confirmation of the Debtors' Plan.

Respectfully submitted,

Date:  7/23/2021

/s/ Craig H. Fox, Esquire
Fox and Fox Attorneys at Law, PC
By: Craig H. Fox, Esquire
Attorney I.D. #49509
700 E. Main Street, Suite 200
Norristown, PA  19401
Telephone:  (610) 275-7990
Facsimile:  (610) 275-2866
cfox@foxandfoxlaw.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
|     **ERIC PEREZ and** | : | |
|     **SHANNON PEREZ,** | : | |
|                **Debtor(s)** | : | **BANKRUPTCY NO. 21-11790-pmm** |
| | : | |
| **LENDMARK FINANCIAL** | : | **Chapter 13** |
| **SERVICES, LLC** | : | |
|     **Moving Party** | : | |
| **vs.** | : | |
| | : | **Hearing Date: September 9, 2021** |
| **ERIC PEREZ AND** | : | |
| **SHANNON PEREZ** | : | |
|     **Respondent(s)** | : | |

**ORDER DENYING CONFIRMATION OF PLAN**

    AND NOW, this _____ day of _____, 2021, upon consideration of the Objection to Chapter 13 Plan by **Lendmark Financial Services, LLC** and any response thereto, it is hereby

    ORDERED that Confirmation of Debtor's Chapter 13 Plan is denied.

                                                      BY THE COURT: